UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANGELA McDANIEL,

                              Plaintiff,                              23-CV-6164-FPG

v.

                                                                                 DECISION AND ORDER

UNIVERSITY OF ROCHESTER,

                              Defendant.
_____

**INTRODUCTION**

*Pro se* Plaintiff Angela McDaniel brings this employment discrimination action against the University of Rochester, her former employer. ECF No. 1 at 1. Before the Court is Plaintiff's amended complaint, which the Court screens under the criteria set forth in 28 U.S.C. § 1915(e). For the reasons that follow, Plaintiff's complaint may proceed to service.

**LEGAL STANDARD**

Section 1915 provides "an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). Pursuant to Section 1915(e), the Court must dismiss a complaint in a civil action if it determines at any time that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

"To plead a cognizable claim, [the] complaint must allege enough facts to state a claim to relief that is plausible on its face." *Inkel v. Connecticut*, No. 3:14-CV-1303, 2015 WL 4067038, at

*1 (D. Conn. July 2, 2015) (internal quotation marks omitted). "In evaluating whether a plaintiff has stated a claim for relief, the Court accepts as true all factual allegations in the complaint and draws all inferences in the light most favorable to the [p]laintiff." *Id.* (internal quotation marks omitted). The Court may also consider any documents attached to the complaint. *See DiFolco v. MSNBC Cable, LLC*, 622 F.3d 104, 111 (2d Cir. 2010).

## BACKGROUND

The following facts are taken from the amended complaint, unless otherwise noted. Plaintiff had been an employee of the University of Rochester since 1993, most recently as a stockkeeper. *See* ECF No. 1-1 at 1. In that role, Plaintiff had "no direct patient contact." ECF No. 4 at 13. In September 2021—while on disability leave—Plaintiff received a "religious exemption" to the university's COVID-19 vaccination policy. *See* ECF No. 4 at 8, 10. Plaintiff had sought the exemption because she believed her use of the vaccine would conflict with her Catholic faith, insofar as "the vaccine [was] created from fetal cells [of] aborted fetuses." *Id.* at 8. She also believes that her "immune system was created by God and should not be altered." *Id.*

Plaintiff returned to work on January 17, 2022. Plaintiff abided by COVID-19 safety protocols required by the university, including "masking" and "social distancing." *Id.* Plaintiff alleges that she worked without incident until January 27, 2022, when her supervisor told her that she "needed to leave [] work" because the university "no longer 'allow[ed]' the religious exemption." *Id.* Plaintiff implored her supervisors to retain the exemption to vaccinate as a religious accommodation, expressing her willingness to abide by the university's other COVID-19 protocols and noting her lack of direct patient contact. ECF No. 4 at 9, 13. University officials refused, and on March 3, 2022, Plaintiff was terminated from her employment.

**DISCUSSION**

Plaintiff alleges that the University of Rochester violated Title VII of the Civil Rights Act of 1964 when it terminated her employment after failing to provide reasonable accommodations for her religious beliefs. ECF No. 4 at 3-4. The Court concludes that this claim may proceed to service.

"Title VII prohibits an employer from discriminating against any individual because of such individual's religion." *Shahid-Ikhlas v. N.Y. & Presbyterian Hosp., Inc.*, No. 22-CV-10643, 2023 WL 3628151, at *3 (S.D.N.Y. May 5, 2023) (internal quotation marks and ellipses omitted). "The word 'religion' is defined to include all aspects of religious observance and practice, as well as belief." *Id.* (internal quotation marks, ellipsis, and brackets omitted). For her complaint to "give rise to an inference of religious discrimination," Plaintiff "need[s] to plausibly allege that (1) [she] held a bona fide religious belief conflicting with an employment requirement; (2) [she] informed [her] employer of this belief; and (3) [she] was disciplined for failing to comply with the conflicting employment requirement." *Patel v. NYU Langone Hosps.*, No. 20-112, 2021 WL 4852426, at *2 (2d Cir. Oct. 19, 2021).

Plaintiff's complaint is sufficient to proceed to service. She alleges that, for several reasons, her Catholic faith precluded her from taking the COVID-19 vaccine—a job requirement. She alleges that the University of Rochester was on notice of her need for a religious accommodation and, indeed, had previously accommodated her religion by exempting her from its requirement that employees be vaccinated against COVID-19. And Plaintiff alleges that the University of Rochester refused to provide any "exceptions" to its vaccination policy that would allow her to continue working, ECF No. 4 at 9, leading to the termination of her employment. While the University of Rochester may ultimately be able to show that it could not reasonably

accommodate Plaintiff's religious beliefs "without undue hardship," at this stage Plaintiff's complaint, construed liberally, suffices to proceed to service.[1] *Dennison v. Bon Secours Charity Health Sys. Med. Grp., P.C.*, No. 22-CV-2929, 2023 WL 3467143, at *5 (S.D.N.Y. May 15, 2023); *see also Lowman v. NVI LLC*, 821 F. App'x 29, 32 (2d Cir. 2020) (summary order) (noting that an employer has an affirmative defense to liability under Title VII "if the prospective accommodation would cause the employer to suffer an undue hardship" (internal quotation marks omitted)).

## CONCLUSION

For the foregoing reasons, Plaintiff's amended complaint (ECF No. 4) may proceed to service. The Clerk of Court is directed to forward copies of (a) the Summons, (b) Complaint, (c) Amended Complaint, and (d) this Order to the United States Marshal Service for service upon Defendant University of Rochester without Plaintiff's payment, with unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor. Further, the Clerk of the Court is directed to mail a copy of this Order to the *pro se* Plaintiff.

IT IS SO ORDERED.

Dated: September 19, 2023
        Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

---

[1] The Court offers no opinion as to whether Plaintiff's amended complaint could survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). As the Court previously noted, "Title VII does not require covered entities to provide the accommodation that [healthcare personnel with religious objections to vaccination might] prefer— . . . a blanket religious exemption allowing them to continue working at their current positions unvaccinated." *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 368, 370 (2d Cir. 2021). But given Plaintiff's role as a stockkeeper with allegedly no direct patient contact, it may be that Plaintiff's religious beliefs could be accommodated in a way that healthcare workers' religious beliefs could not. *See id.* (noting that "it may be *possible* . . . for an employer to *accommodate*—not *exempt*—employees with religious objections, by employing them in a manner that removes them" from the vaccination mandates required by state law).