UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANGELA MCDANIEL,

                          Plaintiff,                              Case No. 23-CV-6164-FPG

v.

                                                           DECISION AND ORDER

UNIVERSITY OF ROCHESTER,

                          Defendant.
_____

## INTRODUCTION

*Pro se* Plaintiff Angela McDaniel brings this religious discrimination action against the University of Rochester, her former employer. ECF No. 4 at 1. Before the Court is Defendant's motion to dismiss. For the reasons that follow, the motion is GRANTED, and Plaintiff's complaint is DISMISSED WITH PREJUDICE.

## BACKGROUND

The following facts are taken from the amended complaint, unless otherwise noted. Plaintiff had been an employee of the University of Rochester since 1993, most recently as a stockkeeper. *See* ECF No. 1-1 at 1. In that role, Plaintiff had "no direct patient contact." ECF No. 4 at 13. In September 2021—while on disability leave—Plaintiff received a "religious exemption" to the university's COVID-19 vaccination policy. *See* ECF No. 4 at 8, 10. Plaintiff had sought the exemption because she believed her use of the vaccine would conflict with her Catholic faith, insofar as "the vaccine [was] created from fetal cells [of] aborted fetuses." *Id.* at 8. She also believes that her "immune system was created by God and should not be altered." *Id.*

Plaintiff returned to work on January 17, 2022. Plaintiff abided by COVID-19 safety protocols required by the university, including "masking" and "social distancing." *Id.* Plaintiff

alleges that she worked without incident until January 27, 2022, when her supervisor told her that she "needed to leave [] work" because the university "no longer 'allow[ed]' the religious exemption." *Id*. Plaintiff implored her supervisors to retain the exemption to vaccinate as a religious accommodation, expressing her willingness to abide by the university's other COVID-19 protocols and noting her lack of direct patient contact. ECF No. 4 at 9, 13. University officials refused, and on March 3, 2022, Plaintiff was terminated from her employment.

## LEGAL STANDARD

To succeed on a motion to dismiss under Rule 12(b)(6), the defendant must show that the complaint contains insufficient facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).  A claim is plausible when the plaintiff pleads sufficient facts that allow a court to draw reasonable inferences that the defendant is liable for the alleged conduct.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plausibility "is not akin to a probability requirement."  *Id.*  Instead, plausibility requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* (quotation marks and citation omitted).  A pleading that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at 557.  In considering the plausibility of a claim, the Court must accept factual allegations as true and draw all reasonable inferences in the plaintiff's favor.  *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).  At the same time, the Court is not required to accord "[l]egal conclusions, deductions, or opinions couched as factual

allegations . . . a presumption of truthfulness." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (quotation marks omitted).

## DISCUSSION

Plaintiff alleges that the University of Rochester violated Title VII of the Civil Rights Act of 1964 when it terminated her employment after failing to provide reasonable accommodations for her religious beliefs. ECF No. 4 at 3-4.

### I.   *Prima Facie* Claim

"Title VII prohibits an employer from discriminating against any individual because of such individual's religion." *Shahid-Ikhlas v. N.Y. & Presbyterian Hosp., Inc.*, No. 22-CV-10643, 2023 WL 3628151, at *3 (S.D.N.Y. May 5, 2023) (internal quotation marks and ellipses omitted). "The word 'religion' is defined to include all aspects of religious observance and practice, as well as belief." *Id.* (internal quotation marks, ellipsis, and brackets omitted). For her complaint to "give rise to an inference of religious discrimination," Plaintiff "need[s] to plausibly allege that (1) [she] held a bona fide religious belief conflicting with an employment requirement; (2) [she] informed [her] employer of this belief; and (3) [she] was disciplined for failing to comply with the conflicting employment requirement." *Patel v. NYU Langone Hosps.*, No. 20-112, 2021 WL 4852426, at *2 (2d Cir. Oct. 19, 2021).

Here, Plaintiff alleges that, for several reasons, her Catholic faith precluded her from taking the COVID-19 vaccine—a job requirement. She alleges that the University of Rochester was on notice of her need for a religious accommodation and, indeed, had previously accommodated her religion by exempting her from its requirement that employees be vaccinated against COVID-19. And Plaintiff alleges that the University of Rochester refused to provide any "exceptions" to its

vaccination policy that would allow her to continue working, ECF No. 4 at 9, leading to the termination of her employment. Plaintiff has sufficiently alleged a *prima facie* case.

## II. Undue Hardship

If an employee has made out a *prima facie* case, "the burden then shifts to the employer to show it could not accommodate the employee['s] religious beliefs without undue hardship." *Knight v. Ct. Dept. of Pub. Health*, 275 F.3d 156, 167 (2d Cir. 2001). The University of Rochester argues that Plaintiff's requested religious accommodation would have imposed an undue hardship on it because it would have caused it to violate the law. The Court agrees.

"The Court of Appeals has provided that dismissal of an employee's Title VII claim because of undue hardship is appropriate where, in granting the employee's accommodation request, the employer would be required to violate state or federal law." *Corrales v. Montefiore Med. Ctr.*, No. 22-CV-3219 (LAP), 2023 WL 2711415, at *7 (S.D.N.Y. Mar. 30, 2023) (citing *Lowman v. NVI LLC*, 821 F. App'x 29, 32 (2d Cir. 2020)).

At the time of Plaintiff's termination, New York state law provided that "all "[c]overed entities shall continuously require personnel to be fully vaccinated against COVID-19." N.Y. COMP. CODES R. & REGS. tit. 10, § 2.61. A "hospital" is a covered entity and "personnel" includes "all persons employed or affiliated with a covered entity ... who engage in activities such that if they were infected with COVID-19, they could potentially expose other covered personnel, patients or residents to the disease." *Id.* While Section 2.61 provides medical exemptions, it does not provide religious exemptions. *See id.*

Plaintiff's role as a stockkeeper at the hospital brings her within the definition of "personnel" under the regulation. Although Plaintiff alleges that she has "no direct patient contact," ECF No. 4 at 13, patient contact is not the only criteria for "personnel" under the

regulation. Personnel also includes any person who "could potentially expose other covered personnel." N.Y. COMP. CODES R. & REGS. tit. 10, § 2.61. By Plaintiff's own account, she had to "enter the [hospital] building for work." ECF No. 4 at 8. Because the very nature of entering any building where other people work necessarily includes the potential to encounter other people, Plaintiff's role required her to "engage in activities such that if [she] were infected with COVID-19, [she] could potentially expose other covered personnel." N.Y. COMP. CODES R. & REGS. tit. 10, § 2.61; *accord Algarin v. NYC Health + Hosps. Corp.*, 678 F. Supp. 3d 497, 509 (S.D.N.Y. 2023) ("Even though Plaintiff does not work with patients, Plaintiff qualifies as 'personnel' for purposes of Section 2.61, given that he admittedly worked on site at H+H with co-workers.").

Since Plaintiff qualifies as "personnel" under state law, the University of Rochester, as a covered entity, was obligated by law to impose a vaccination requirement on her, in the absence a qualifying medical exemption. Plaintiff did not request a medical exemption, but only a religious exemption to the vaccination requirement. As an accommodation for her religious exemption, Plaintiff requested that she be allowed to undergo weekly testing to avoid vaccination. ECF No. 4 at 9. This sort of religious exemption was not authorized by the regulation. *See We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 292 (2d Cir. 2021), *opinion clarified*, 17 F.4th 368 (2d Cir. 2021) (Section 2.61 "bars an employer from granting a religious exemption from the vaccination requirement.").

Because Plaintiff requested an accommodation that would have caused Defendant to violate applicable state law at the time, Plaintiff's requested accommodation imposed an undue hardship on Defendant. See *Algarin*, 678 F. Supp. 3d at 512 ("[A]llowing Plaintiff to return to work unvaccinated would have been a violation of Section 2.61 and therefore created an undue

hardship for [defendant]."). Accordingly, Plaintiff has failed to state a claim for relief under Title VII.

Furthermore, because Plaintiff concedes the dispositive fact barring her claim—her need to enter the hospital building for work—leave to amend would be futile and, therefore, is not granted. *See Sorotzkin v. EmblemHealth Inc.*, No. 22-3194, 2023 WL 7383169, at *4 (2d Cir. Nov. 8, 2023) ("A district court may deny leave to amend when the amendment would be futile because it "would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6).").

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (ECF No. 7) is GRANTED, and Plaintiff's Amended Complaint (ECF No. 4) is DISMISSED WITH PREJUDICE. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Any request to proceed *in forma pauperis* on appeal should be directed by motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: May 2, 2024
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York